## BERRY v. HEBRON.

It is unnecessary for the commissioners to give notice to the land-owners of a hearing on the recommitment of their report laying out a highway, when it is apparent from the terms of the order for the recommitment, that the object is to enable them to correct errors in their proceedings on the former hearing in reference to the case as presented by the towns, and in which the land-owners, as such, have no interest.

If, in laying out a highway, damages are awarded to one as land-owner, who is not entitled to damages, a release by him to the town of the damages awarded removes the exception.

EXCEPTIONS to the judgment of the Court of Common Pleas, accepting the report of the commissioners laying out a highway in the towns of Hebron, Alexandria and Bristol. The petition describes the route as commencing at, &c.; "thence southerly on the westerly side of 'Newfound Pond,'" &c., to a stake and stones, &c. The northern terminus of the route described is on the westerly side of said pond, and more than a mile from the north end thereof. No exception was taken to the petition in this respect, until after the commissioners had made their report, and the towns except to the judgment, that the petition fixes an intermediate bound, namely: "the westerly side of Newfound Pond."

The commissioners made report laying out the highway, at the November term, 1857. Several exceptions were taken to the report, and it was recommitted, with instructions to the commissioners "to reconsider the expediency and necessity of laying out said road for the public accommodation, upon such ground as the towns upon due notice may present; to consider facts alleged in the several exceptions filed to said report; and upon due notice to the several persons named Fowler and Plummer mentioned in said exceptions, to amend the report by a new award of damages to such of said persons as, upon further inquiry, may be found entitled to the same, in case the report shall

be in favor of the petitioners." Of the exceptions taken, the first and fourth related to evidence offered by the towns at the hearing before the commissioners, and excluded by them ; the second, third, and fifth, to evidence offered by the petitioners and objected to by the towns, but admitted by the commissioners; and the sixth and seventh to the award of damages to certain persons as land-owners, some of whom were named Fowler, and others Plummer. Upon the recommitment a general hearing was had before the commissioners upon the matters indicated in the order for the recommitment, but no notice thereof was given to the land-owners generally ; and the second exception to the report is, that such notice was not given.

Damages to the amount of ten cents are awarded by the report to David S. Fowler, on the ground that the highway laid out passes between his dwelling-house and a spring of water on land of Ruth Fowler, which some years before had been dug out and fitted up for use by said David, under a verbal agreement between him and said Ruth that the right to take water therefrom, for the use of the family residing in said house, should ever after be regarded as appurtenant to the house. Under this arrangement the spring has ever since been used in the summer season by the occupants of the house, for the purpose of obtaining water for domestic use. The ten cents damages awarded to said David have been released by him to the town. The third exception taken by the towns is, that said damages are awarded on the foregoing ground to said David. Other exceptions were taken to the report, but they are unnecessary to be stated, as there are no facts set forth in the bill of exceptions to sustain them.

*Pike & Barnard*, for the petitioners.

*Fling* and *Bellows*, for the towns.

SAWYER, J. The first exception, that the petition fixes an intermediate bound in the routes prayed for, comes too late, if it is to be considered that the "westerly side of Newfound Pond" is an intermediate bound within the meaning of the 81st rule of court. By rule 84, objections to this form of the petition must be taken before the order of reference to the commissioners, otherwise they will be considered as waived. By the neglect to make the objection before the order of reference, the exception, if in point of fact it exists, was waived.

As to the second exception, that the land-owners were not notified of the hearing on the recommitment, it must be understood that the exception is, that the land-owners generally, not including, however, the persons named in the order, were not notified. There was no occasion for such notice except to the Fowlers and Plummers. The recommitment was for specified purposes, in no way affecting the interests of the other land-owners, and under specific instructions requiring the commissioners to proceed, upon due notice to the towns and to the particular land-owners mentioned. It must be understood that notice was given to them, in accordance with the order. The terms of the order, considered in connection with the exceptions to which it refers, and to obviate which was the object of the recommitment, make it apparent that the whole purpose was to enable the commissioners to correct the errors into which they fell at the first hearing, by rejecting certain evidence offered by the towns, and making an irregular award of damages or omitting to make an award to the persons named Fowler and Plummer. In these matters the other land-owners, as such, had no interest, and there was no necessity of going through the formality of notifying them anew. The order for the recommitment does not require nor contemplate notice to them. In reference to the third exception—the award of damages to David S. Fowler—this would seem to fall almost, if not quite, within

the legal maxim, *de minimis non*. However this may be, the ten cents awarded have been released, and all injurious consequences to the town from this award are thereby barred. If it were necessary to decide whether the commissioners have the power to award damages for the interruption or inconvenience caused by the highway to the enjoyment of this parol license, and it should be found that they had no power to make the award, we might feel inclined to permit the petitioners to relieve their case of the exception, by depositing the sum awarded with the clerk for the use of Fowler, rather than subject them to the delay, and the towns to the expense of a recommitment for the purpose of correcting the error. The damages awarded having been released, this removes all ground of objection on this account, though the sum awarded were of sufficient magnitude to make the error in awarding it of any importance.

*Exceptions overruled.*